# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| EXCEL ENTEPRISE, LLC, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:16-cv-0016-TLS-SLC |
| ) | |
| WINONA PVD COATINGS, LLC, ) | |
| ) | |
|     **Defendant.** ) | |

## **OPINION AND ORDER**

On January 15, 2016, Plaintiff Excel Enterprise, LLC, filed a complaint against Defendant Winona PVD Coatings, LLC, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint recites that Plaintiff is a Michigan limited liability company ("LLC") with its principal place of business in Michigan and that "[n]o member of Excel is a resident of Delaware." The complaint further alleges that Defendant is a Delaware LLC with its principal place of business in Indiana and that "[n]o member of Winona is a resident of Michigan." (DE 1 ¶¶ 1, 2).

Plaintiff's jurisdictional allegations inadequately set forth the citizenship of the parties. As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff cannot merely allege a "naked declaration that there is diversity of citizenship" in its complaint. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

An LLC's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Thus, the Court must be

advised of the identity of each member of Plaintiff Excel Enterprise, LLC, and Defendant Winona PVD Coatings, LLC, and such member's citizenship. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes).

Furthermore, "citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (citations omitted). In that respect, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run.").

Therefore, Plaintiff is ORDERED to supplement the record on or before February 2, 2016, by filing an amended complaint that properly alleges the citizenship of the parties, tracing such citizenship through all applicable layers of ownership.

SO ORDERED.

Enter for this 19th day of January 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge